## W. A. GROUNDS V. SAMUEL SLOAN.

### No. 6219.

1. **Pleading—Assignment of Note.**—In absence of a plea supported by affidavit, putting in issue an endorsement upon a note sued upon, the assignment should be regarded as fully proved. Rev. Stats., art. 227.

2. **Delivery of Instrument.**—The statutory rule includes the delivery as well as the endorsement upon the note.

3. **Facts Not Alleged.**—Under a general denial the defendant could have no benefit from testimony tending to show the non-delivery of a note to the endorsee. Facts not alleged can not form the basis of relief.

4. **Pleading—Limitation.**—The note declared on by plaintiff holding under an endorsement, appeared barred by limitation. The defendant pleaded by special demurrer that the action was barred by limitation. By amendment plaintiff alleged "that at the date of the execution of the note sued upon and of the transfer of said note plaintiff was a minor." The note was payable one day after date. *Held:*

1. That as but one date was alleged for the making and the transfer it was equivalent to an allegation of the transfer upon the date of the note.

2. As the defense was made by exceptions and not by plea the petition was good unless the action appeared to be barred.

3. The transfer being alleged as made to the minor before the statute began to run it would avoid the statute, the continuance of his minority until within four years of the filing of the petition appearing.

4. But otherwise if the statute had began to run before the transfer.

ERROR from Erath. Tried below before Hon. T. L. Nugent. The opinion states the case.

*Bentley & Bowyer,* for plaintiff in error.—1. The general denial puts in issue every material allegation. Sayles' Texas Prac., p. 75, note 24; Mims v. Mitchell, 1 Texas, 443; Willis v. Hudson, 63 Texas, 678.

2. The allegation that the note was "endorsed and transferred" is certainly material and is put in issue by general denial. Merrill v. Smith, 22 Texas, 53; 2 Texas, 351; 19 Texas, 171; Gray v. Johnson, 37 Texas, 558; Dan. on Neg. Inst., p. 663.

3. The endorsee of a note must allege and prove endorsement, otherwise he can not maintain an action on a note not negotiable. This then is a material allegation, and is put in issue by general denial. Gregg v. Johnson, 37 Texas, 558; Merrill v. Smith, 22 Texas, 53; Merlin v. Manning, 2 Texas, 351; Dan. on Neg. Inst., p. 663.

4. Delivery is indispensable to an endorsement. Dan. on Neg. Inst., p. 665.

5. If there was really no endorsement then Sam Sloan could not maintain the action on the note payable to Robert Sloan. The note was not a negotiable note, and the payee is the only one who could sue. Then the endorsement was a material allegation and was put in issue by the general denial.

6. The production of a note merely endorsed to plaintiff is only prima

facie evidence and is subject to be rebutted. The general denial admits rebutting testimony. Bailey v. Hicks, 16 Texas, 222; Dan. on Neg. Inst., p. 365.

7. A pleading seeking to avoid the defense of limitation must state such facts as show that the statute could not have run. Parish v. Alston, 65 Texas, 194; Ortez v. De Benavides, 61 Texas, 60; Childress v. Grim, 57 Texas, 59; Coles v. Kelsey, 2 Texas, 541; Bremond v. McLean, 45 Texas, 19.

The special exception was sufficient to interpose the defense of limitation. Sayles' Plead. and Prac., p. 256, and authorities cited. Then limitation was in this way pleaded by defendant, and the replication in the trial amendment did not obviate that defense. The trial amendment, as we understand it, simply states additional facts to be added to the original petition (Rule 27, Dis. Ct., 47 Texas), and such trial amendment closes the pleadings. We conclude then that the special exception to the original petition setting up the bar of limitation applied to and operated on the allegations of the trial amendment.

But we hold that even though the special exception to the original petition does not apply to the trial amendment, admitting for argument that it does and did not, yet we were on the pleadings entitled to a judgment. The defense had been successfully presented by special exception, and the plaintiff undertook to bring himself within an exception to the statute of limitation. In order to answer the defense thus interposed he must show that the statute of limitation did not run. In addition to authorities already cited we ask the court to carefully consider the following cases in connection with the allegations of the trial amendment: Parish v. Alston, 65 Texas, 194; Bremond v. McLean, 45 Texas, 10; Ransome v. Bearden, 50 Texas, 128.

Under the doctrine of these last cited cases, would the original petition, if it had, in addition to the allegations it contains, embraced or contained the allegations of the trial amendment, have required that the defense of limitation should have been interposed by the plea? We think not. We think a special exception would have sufficed to present the defense of limitation. The defense of limitation was so interposed in Ransome v. Bearden, 50 Texas, 128, cited above, and in that case the bar was held good, and also in 65 Texas, 194, cited above.

HENRY, ASSOCIATE JUSTICE.—This suit, begun on the 10th day of September, 1884, was brought by Samuel Sloan on a promissory note executed by W. F. and W. A. Grounds to Robert Sloan, dated the 11th day of January, 1873.

The petition charges that the defendants made their said note on the date last aforesaid, whereby they promised to pay to the order of said Robert Sloan one day after the date thereof the amount of said note, and

delivered it to said Robert Sloan, by whom it was for a valuable consideration endorsed and transferred to plaintiff, and that plaintiff was the owner and holder of the note.

The defendant W. A. Grounds appeared and answered by general demurrer and a special exception on the ground that it appeared from the face of plaintiff's petition that his cause of action was barred by the statute of limitations of four years and by a general denial.

Plaintiff filed a trial amendment alleging that at the date of the execution of the note and of its transfer to him, and until the 20th day of September, 1882, he was a minor. The cause was tried without a jury and judgment was rendered in favor of plaintiff for the amount of the note. The record contains the judge's conclusions of law and fact, but no statement of facts. The conclusions of fact include a finding that W. F. Grounds and W. A. Grounds executed and delivered to Robert Sloan the note sued on, dated January 11, 1873, payable to the order of Robert Sloan one day after date. That the note was transferred by Robert Sloan to plaintiff by endorsing on its back the words "Pay to Samuel Sloan." [Signed] "R. Sloan." That plaintiff is a son of Robert Sloan, and the transfer to him was made while he was a minor; that plaintiff was twenty-one years old when this suit was filed; that the transfer of the note to plaintiff was a gift, and he never had actual possession of or saw it. In his conclusions of law the court states incidentally that plaintiff "only attained his majority a short time before the institution of the suit, and it seems proceeded at once to enforce his right to the proceeds of the note."

It is assigned that the court erred in its conclusion of law that the note had been transferred to plaintiff, because the note, though indorsed transferred, was still retained by the payee and was not delivered to plaintiff, without which the transfer by endorsement was incomplete, and that the court erred also in its conclusion of law that plaintiff's alleged ownership of the note was not put in issue by defendant's general denial.

Article 271, Revised Statutes, declares that "when a suit shall be instituted by any assignee or endorsee of any written instrument the assignment or endorsement thereof shall be regarded as fully proved unless the defendant shall deny in his plea that the same is genuine, and moreover shall file with the papers in the cause an affidavit stating that he has good cause to believe and verily does believe that such assignment or endorsement is forged."

Clearly this statute intends to give an assignee of a written instrument the right to recover upon it without other proof than the production of the endorsed instrument unless its genuiness is denied specially in the answer, supported by an affidavit. Without such plea and affidavit evidence contesting the validity of the assignment should not be heard. Even if evidence to the effect that the assignment for any cause is in-

valid or incomplete should be admitted, in the absence of the plea required by the statute it would go for nothing. A valid judgment can not be rendered on evidence unsupported by a proper pleading. Without the prescibed plea the language of the statute is that the assignment "shall be regarded as fully proved." This includes delivery and every-thing else required to give the assignment legal effect. The statute would be of very little value to the assignee if it left it necessary for him to bring proof of the actual delivery of the assigned instrument or left that fact open to attack under a general denial.

Appellant insists that his exception that plaintiff's petition showed on its face that it was barred by limitation applied after it was amended. There is no doubt about its right to stand as an exception to the plead-ing as amended, and the question is, did planitiff's pleading, as amended show that his cause of action was barred by limitation?

The defense having been interposed by demurrer and not by answer, plaintiff's pleadings and not the evidence control the question.

It is not alleged when the endorsement of the note was made.

The language of the pleading is "that at the date of the execution of the note sued upon and of the transfer of said note" plaintiff was a minor. One date, not dates, is alleged, and we are not at liberty to assume that when a single date for the two acts is alleged that they were really per-formed at different times. Such may be the fact; if so an answer setting up the statute would have reached the defense through the evidence. If the statute had begun to run against the father before the endorsement of the note to his son, then we do not think such endorsement stopped it, and the amendment setting up plaintiff's minority would not cure the defect.

On the other hand it will not be contended that if plaintiff's petition as amended charges that the note was transferred to plaintiff on the day of its execution, and that he was then a minor and remained such until the 20th day of September, 1882, that it shows his cause of action was barred when he brought this suit on the 10th day of September, 1884.

Again, when the question of limitation is raised on the pleadings by exception instead of by plea, the question is not, do the pleadings affirma-tively show that the action is not barred? but is, do they allege all the facts required to show that it was barred when the suit was brought?

We find no error in the court's action upon the motion for new trial. The judgment is affirmed.

*Affirmed.*

Delivered May 7, 1889.