### MAJOR HART ET AL. v. GEORGE W. WEST ET AL.

Delivered May 26, 1897.

**Will Does Not Pass Title Until Death of Testator—Title to Note.**

Where the wife of J. devised by will certain money to H., to go to him on the death of her husband, by whom it was to be invested in the meantime, H. had no title to a note afterward bought by J. with such money, his wife being still alive, and could not recover on the note even as against one who, as agent and indorser, had wrongfully transferred the note to defraud its maker.

APPEAL from Bexar.   Tried below before Hon. ROBERT B. GREEN.

*C. K. Breneman, J. H. McCleary,* and *James Raley,* for appellants.

*Barnard & McGown, Proctors,* and *Upson, Bergstrom & Newton,* for appellees.

FLY, ASSOCIATE JUSTICE.—This is a suit on a promissory note instituted by Major Hart against Lionel H. Graham and George W. West, as makers, and C. K. Breneman, as indorser, of a certain promissory note for $3500, of date December 30, 1895.   It was alleged that the note was bought for value, before maturity, by Hart, without notice of any failure or want of consideration.   West answered, setting up his suretyship, and pleaded failure of consideration, and denied that Hart was a purchaser of the note for value, without notice, but charged fraud upon the part of Breneman, and notice of and complicity therein on the part of Hart, and that one H. A. Jackson was also a party to said fraud; and it was prayed that he be made a party.   Graham pleaded fraud upon the part of Breneman and Hart, and total failure of consideration, and adopted the answer of West.   Jackson disclaimed any interest in the suit.   Breneman did not answer.   The cause was tried with a jury, and resulted in a verdict as follows: "We the jury find in favor of the plaintiff against C. K. Breneman for the sum of $3500, with interest thereon at the rate of 10 per cent per annum from the 30th day of December, 1895, and 10 per cent on the principal and interest thereof as an attorney's fee.   We further find in favor of the defendants Lionel H. Graham, Geo. W. West, and H. A. Jackson."   Judgment was rendered on the verdict.   The appeal was prosecuted by Hart and Breneman.

The evidence shows, without contradiction, that the note was executed to Breneman by Graham, as principal, and West, as surety, in order that Breneman, as the agent, might negotiate the same, and obtain the amount of it, for the benefit of Graham.   In other words, Breneman paid no consideration whatever for the note, but was the trusted agent of Graham to raise the sum of money evidenced by the note for his principal.   West signed it as surety to accommodate Graham.   It was also proved that neither Graham nor West received any benefit from the note, and that, when the note was transferred, it was in violation of the instructions of Graham.   It was testified by Breneman and Jackson that the latter paid the former $3500 for the note, as agent for Major Hart, who lived in Iowa. The uncontradicted evidence also shows that Hart had never been in Texas, and had never been in possession of the money claimed to have been paid for the note, unless through Jackson, who, it is claimed, was his agent.   Jackson swore that the money paid by him to Breneman for the note was the property of Major Hart, and that he had no notice of the facts and circumstances surrounding the execution of the note.   He further testified that his wife, a sister of Hart, being sick and anticipating death, had made a will in which she had devised $7000 to her brother,

which was to be invested by her husband until his death, and then go to Major Hart, and that the note was bought with a part of that money. The testatrix was still living. There was a judgment against Jackson in favor of the Scottish-American Mortgage Company for about $7000. The note was indorsed in blank by Breneman. We find that Hart had no interest whatever in the note. There was no legal evidence that Hart had ever paid anything by himself, or through an agent, for the note, or that he was the holder of it; but the testimony established the fact that the note was bought and paid for by Jackson with money belonging to his wife, and that Jackson was the holder of it. The money was shown to be the property of Mrs. Jackson, and that she had made a will in which it had been devised to Major Hart. His right to the money was dependent upon her death. It was stated, in Holy Writ, as an axiomatic truth, more than 1800 years ago, that "a testament is of force after men are dead; otherwise, it is of no strength at all while the testator liveth;" and this axiom has never been varied by legislature or court. Control over the property devised, and power to revoke a will, as a matter of course, last as long as life lasts, and no title to property under a will can possibly pass until the death of the testator. It is true that Jackson swore that the property was a gift to Hart, but his testimony clearly showed that the gift was dependent upon the will going into effect. The money was still hers, and therefore none of the money paid for the note belonged to him. There are other circumstances attending the transaction that lead to the conclusion that Hart did not own the note. He did not even have the circumstance of the note having been indorsed to him to uphold his claim. Had the verdict been against Hart as to all the defendants, there could have been no question as to its correctness, regardless of errors that may have been committed. But the verdict is an anomaly, under the facts in evidence. It could have been justified only on the ground that Hart had paid Breneman for the note, but had notice of the circumstances under which he obtained it. The facts, however, fail to show notice to Jackson, and the verdict must rest on proof that Hart did not pay valuable consideration for the note. Under that state of case, however, he should not have recovered from Breneman.

The following charge was asked by Hart: "You are instructed that the law presumes that the plaintiff in this case, as the holder of note sued on, paid, or caused to be paid, a valuable consideration therefor, and that the burden of proof is upon the defendant herein to show that the plaintiff in this case did not pay a valuable consideration for the assignment and transfer to him of the note sued on." The charge is correct as an abstract proposition of law, but was properly refused because it assumed the fact, not shown by the evidence, that Hart was the holder of the note. The instruction was, in substance, given in the sixth paragraph of the charge, where the jury were told that Hart, if he purchased the note before maturity, was entitled to recover, unless it was proved that he did not pay a valuable consideration for it, or had notice of the circumstances under which it was executed. Under the undisputed facts, a verdict should

have been instructed for all the defendants. The testimony of Hart proved that he had no money in charge of Jackson, and showed utter ignorance in regard to the purchase of the note. Jackson and his wife, the only other witnesses as to ownership of the money used in the purchase of the note, testified to facts that prove that Hart never at any time had any interest in the note. We must assume that those facts can not be changed on another trial, and no good end would be attained by remanding the case for another trial. Therefore the judgment, as to Graham and West, will be affirmed, and, as to Breneman, will be reversed, and judgment here rendered.

### ON MOTION FOR REHEARING.

#### Delivered June 16, 1897.

FLY, ASSOCIATE JUSTICE.—There are two legitimate conclusions that may be drawn from the facts of this case. First, that Jackson really believed that the will made by his wife, which was to take effect upon the death of both his wife and himself, put the ownership of the money in Hart; or, second, that Jackson knew that Hart had no interest in the money, and that Hart was merely a figurehead used by Jackson to conceal the money of Jackson from his creditors. There was testimony to support the last conclusion, and upon that the jury doubtless based their verdict, as the case arising from the first conclusion was not submitted to them. Under either conclusion, the verdict was right. The case of Grounds v. Sloan, 73 Texas, 662, is not in point. The genuineness of the signature of Breneman on the back of the note was not questioned. Hart having brought the suit, the presumption arose that he was the holder for value of the note, but that presumption was destroyed by the testimony. He paid nothing for the note, and had no right, title, or interest in the note, and was not the holder of it. In our former opinion, we rested his failure to prove ownership or possession on the more charitable finding that the parties really thought the will made the money the property of Hart, but the conclusion is warranted by the facts, also, that the whole matter was a scheme upon the part of Jackson to conceal his property from his creditors; and the verdict, under that conclusion, would be just and correct. The motion for rehearing is overruled.

*Affirmed in part.*
*Reversed and rendered in part.*

Writ of error granted by Supreme Court, and judgment affirmed. See Hart v. West, 91 Texas, 184.