ARBAUGH v. ROBINSON et al.   (No. 1889.)

(Court of Civil Appeals of Texas. El Paso. June 10, 1926.)

**1. Sales ⊂⊐377—Petition on contract for sale of cotton, alleging tender and refusal within time specified, demand by buyer after time specified, second tender and refusal, held not subject to general demurrer.**

Petition, alleging that, pursuant to written contract of sale of cotton to be performed within ten days, plaintiff tendered cotton in three days, but defendant refused it, and after ten days defendant demanded fulfillment, and plaintiff purchased cotton to fill contract, and, upon tender, it was again refused, *held* not subject to general demurrer.

**2. Limitation of actions ⊂⊐180(2).**

Exception to amended petition on ground action is barred should be overruled, unless it affirmatively discloses that, when filed, action was barred.

**3. Limitation of actions ⊂⊐180(2).**

In passing on exception raising question of limitations, file marks, superseded pleadings, and matters extraneous to pleading cannot be referred to to ascertain if exception is good.

**4. Limitation of actions ⊂⊐24(1)—Oral waiver of delay or extension of time does not substitute oral contract, governed by two-year limitation, for original written contract governed by four years statute.**

Where buyer, having declined delivery under written contract, requested delivery after lapse of agreed time, and on tender again declined, there was no substitution of oral contract barred in two years, but seller's action was on written contract, and subject to four-year limitation.

Appeal from District Court, Scurry County; W. P. Leslie, Judge.

Suit by C. M. Arbaugh against M. C. Robinson and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Harry R. Bondies, of Sweetwater, for appellant.

Ed. J. Hamner, of Sweetwater, for appellees.

WALTHALL, J. This suit was filed June 9, 1922, by the appellant, Arbaugh, against the appellees M. C. Robinson and Dalton Moore.

Briefly stated, the original petition set up: On October 15, 1920, Robinson, acting by his agent Moore, executed and delivered to plaintiff an instrument in writing which is copied verbatim. This instrument was dated October 15, 1920, addressed to Arbaugh, signed M. C. Robinson, by Dalton Moore, and confirmed the purchase of 50 bales of cotton, condition good, prompt delivery, basis middling and better, price 19¼ cents per pound; that plaintiff promptly tendered said cotton, and Robinson declined to accept same, whereupon he sold the same for account of Robinson. It was alleged that the 50 bales tendered weighed 26,271 pounds, which at 19¼ cents per pound, amounted to $5,057.16; that 25 bales weighing 13,054 pounds was sold at 9.65 cents per pound, amounting to $1,259.71, and 25 bales weighing 13,217 pounds were sold for 9.63 cents per pound, amounting to $1,272.79. The total realized from the sale was $2,532.50, wherefore there was a balance due plaintiff of $2,524.66, which defendants had refused to pay to plaintiff's damage in the sum of $5,000, for which judgment against Robinson was prayed.

In the alternative judgment was prayed against Moore, if he was not acting within the scope of his authority from Robinson.

On May 26, 1924, the plaintiff filed his first amended original petition. In the amendment he again declared upon, and copied verbatim, the instrument of October 15, 1920. It was then averred that prompt delivery meant within ten days thereafter; that the requirement as to delivery within ten days was waived and abandoned by the parties, and the contract complied with by plaintiff in the manner following: Three days after the date of the contract he tendered Moore for account of Robinson the 50 bales of cotton. At the time of such tender the price of cotton had declined, and Moore declined to accept the cotton, and, to protect himself against the falling market plaintiff on October 19, 1920, sold the cotton for 18 cents per pound. About a week thereafter, and more than ten days after October 15, 1920, Moore, as agent, in conversation advised plaintiff that he would still require fulfillment of the contract and delivery of the cotton contracted for, and on November 4, 1920, plaintiff purchased 25 bales at Loraine, Tex., to apply on the contract, and was about to purchase 25 bales at Colorado, Tex., but before doing so he asked Moore whether the 25 bales from Colorado would be acceptable, and Moore told him that the Loraine cotton then on hand and the Colorado cotton in prospect would be accepted in fulfillment of the contract of October 15th, whereupon plaintiff, on November 9, 1920, purchased the 25 bales of Colorado cotton, and thereupon, acting upon instruction of Moore as agent, he shipped for account of Robinson the 25 bales of Colorado cotton to Houston, and the 25 bales of Loraine cotton to Sweetwater, Tex.; that de-

fendants have refused to accept and pay for said cotton. He then sold it for the account of Robinson, showing weights, prices, and total amounts realized and damages the same as in the original petition.

On May 27, 1925, plaintiff filed his second amended original petition. In this amendment it was averred "that there was no written contract had between the parties waiving, varying, or modifying said written contract of October 15, 1920." In other respects, it is the same as the first amended petition, being practically a verbatim copy.

It is not contended that the second amendment declares upon a different contract from that set up in the first amendment, but, upon the theory that both amended petitions declared upon an oral contract, the court sustained a special exception directed against the petition to the effect that the cause of action was barred by the two-year statute of limitations. A general demurrer to the petition was also sustained. The plaintiff declined to amend, and the suit was dismissed.

[1] It is not here contended by the appellees that the petition is subject to general demurrer. It manifestly is not. We need not pause to inquire whether either of the amended petitions set up a different cause of action from that declared upon in the original petition, for the reason that the first and second amendments declare upon the same contract, and the first was filed within four years after the cause of action accrued. If the first amendment sues upon a written, and not an oral, contract, then the four-year statute of limitations applies, and the court erred in its ruling that the suit was barred by the two-year statute.

[2, 3] In the first place, it is well settled that the exception should have been overruled, unless the amended petition affirmatively disclosed that, when suit was filed, the action was then barred. The second amendment did not show the date of filing of the first original and first amended petitions, nor did it otherwise disclose that the cause of action was barred by the two-year statute of limitations. In passing upon the exception, the court was limited, in considering the same, to the pleading against which the exception was leveled. It was not permissible to refer, as the court did, to the file marks and contents of the superseded pleadings to ascertain if the exception was good. Lewis v. Alexander, 51 Tex. 587–588; Pyle v. Park (Tex. Civ. App.) 196 S. W. 246; Oswald v. Giles (Tex. Civ. App.) 178 S. W. 679; Newsom v. Sharman (Tex. Civ. App.) 119 S. W. 912; Kalteyer v. Wipff (Tex. Civ. App.) 49 S. W. 1055; Grounds v. Sloan, 73 Tex. 662, 11 S. W. 898.

This of itself necessitates reversal, but, in view of a retrial, the merits of the exception will be passed upon.

The appellees' theory is stated in its propositions as follows:

"(1) Where the original suit was based on a written contract of purchase and sale of cotton to be performed within ten days after October 15, 1920, and the amended pleadings filed May 26, 1924, set up a breach of an oral contract made after the written contract had expired by its terms, whereby said written contract was to be performed at a future date, the last contract is to be construed as an oral contract, and governed by the law of limitations applicable to such contracts.

."(2) Where it is alleged that a written contract was first entered into, and afterward was modified, varied, or waived as to the time of performance by parol, the subsequent contract supersedes the written contract, and the new promise must be declared on, and plaintiff cannot recover on the written contract, but must recover upon the oral contract declared on."

The cases and authorities which appellees cite in support of these propositions are not applicable, Motor Wheel Corp. v. Childs, 153 Ark. 178, 240 S. W. 417, was a case where by mutual consent the written contract was rescinded and a verbal contract thereafter made.

The other authorities cited announce the general proposition that a contract partly in writing and partly in parol is in legal effect an oral contract. The plaintiff's pleading certainly does not show a mutual rescission or cancellation of the original written contract and the subsequent making of a new oral contract, as in Motor Wheel Corp. v. Childs, supra, nor do we regard it as showing a contract resting partly in writing and partly in parol.

[4] Upon the first breach by defendants the plaintiff might have treated his obligation under the contract as discharged, but, upon the subsequent demand of the defendants that he perform the contract, he undertook to do so, and the defendant again breached the same contract. The case is simply a tender of performance twice by the plaintiff of the original written contract and refusal twice by defendant to perform his obligation under that contract.

Appellees' propositions in effect are that a new contract between the parties was effected simply because after the original time of performance had expired it was extended beyond the original ten days by oral mutual agreement.

"A mere waiver of a condition in a contract does not amount to the substitution of a new contract. On the contrary, waiver of performance of a contract or extension of the time therefor, in the case of a condition precedent, is equivalent to the performance thereof at the stipulated time, and leaves the original contract intact." 13 C. J. 673.

"A party may waive his right of action and accept or insist on performance after a breach of the contract." 6 R. C. L. 1022.

If appellees are correct in their theory, it would have far-reaching consequences. The holder of a promissory note not paid at maturity could not safely, as a matter of indulgence to the maker, and upon the latter's oral request for indulgence, and promise to pay later, orally agree to extend the time of payment a day without incurring the risk of having it held that the written contract to pay, as evidenced by the note, had been superseded by the oral agreement as against which the two-year statute of limitation applies.

We cannot assent to the view that the cause of action set up herein is based upon an oral contract. We are of the opinion it is based upon the original written contract once breached by the defendant, and again later breached by him when the consequences of the first breach had been waived by the plaintiff and an opportunity again afforded by the plaintiff to the defendant to purchase 50 bales of cotton, as his written contract obligated him to do.

Reversed and remanded.