## TRI–STATE ASS'N OF CREDIT MEN v. HINSON.

### No. 3668.

Court of Civil Appeals of Texas. El Paso.

April 21, 1938.

Rehearing Denied May 19, 1938.

D. J. Smith, of El Paso, for appellant.

Mae M. Ament, of Alpine, for appellee.

WALTHALL, Justice.

On May 19, 1932, the appellee, W. P. Hinson,. executed and delivered to Pasotex Petroleum Company, a promissory note for $1,095.64, payable on demand, and providing for the payment of interest, and attorney's fee in the event of default in payment, and containing other matters not necessary to mention. The note was transferred by written indorsement to appellant, Tri-State Association of Credit Men. Thereafter in response to a letter of date August 29, 1936, which was written by an employee of appellant to appellee Hinson making demand for payment of the note, appellee wrote a letter addressed to the employee of appellant as follows:

"Replying to yours of Aug. 29, will say that it is impossible to do anything about my indebtedness to Standard Oil Co. at this time. It is my wish to pay this off some day, but I do not intend to starve myself and family in order to do so. I paid this company, and others before them, this much money, and more each month for about twenty years, then when the demand for oil and gas reached a volume where retail dealers might make some money the oil companies broke us all, and nearly wrecked themselves by their own policies —setting anybody, cowboy, schoolboy, or hobo up in business in a filling station, regardless of fair competition, and disregarding every principle of legitimate business, therefore, I shall frankly say that I do not lie awake nights and worry about this debt as I do about some others, but will pay when I get that much ahead, which, in spite of all I have been through in the past six years, am still optimistic enough to believe that I shall.

"Yours very truly,"
(Signed by appellee.)

Appellant, by its first amended original petition, filed April 22, 1937, upon which it went to trial for its cause of action, declared upon the note and the above letter, each copied in full in the amended petition, and further alleged that appellee is now well able to pay said obligation because he has and owns property over and above his legal exemptions of a value more than sufficient to satisfy the indebtedness to appellant.

Appellee, as appears from the transcript, answered on June 1, 1937, by general demurrer, and by special exception in which it refers to appellant's amended petition and states that it appears therefrom, despite appellee's letter relied upon by appellant, that appellant's cause of action as stated accrued more than four years before the suit was filed, and that same is barred by limitation. Appellee also answered by general denial.

The case was submitted to and tried to the court without a jury. After the evidence and argument the court took the case under advisement for several days before announcing the judgment. The judgment in the transcript recites that the court heard the pleadings, the evidence and the argument, and fully considered all matters pertaining thereto, and "is of the opinion that the plaintiff's cause of action is barred by the four years statute of limitations (Vernon's Ann.Civ.St. art. 5527) pleaded by the defendant as a defense to said cause of action, and that the defendant is, therefore, entitled to judgment." The judgment was so entered.

The trial court, at the request of appellant, made and filed findings of fact and conclusions of law.

In the findings of fact the court found that appellant's suit "is founded on a letter" (above stated) alleged to acknowledge the justice of and promise to pay a note (stated above) "payable on demand to the order of Pasotex Petroleum Company" and indorsed to appellant. The court found that "the amount or nature of such indebtedness is not shown by a preponderance of the evidence. The evidence fails to show any ownership of this note or claim, at any time, in the Standard Oil Company. The promise to pay the indebtedness to the Standard Oil Company is conditioned on the defendant 'getting that much ahead.' Taken in connection with the context of the letter, the condition of the promise is that he will pay when his total assets exceed his total liabilities in the amount of his indebtedness to the Standard Oil Company. The evidence fails to show that this condition exists or has existed at any time subsequent to the writing of the letter. On the date of the receipt of this letter plaintiff held said note for collection. The evi-

dence fails to show any relationship between the Pasotex Petroleum Company and the Standard Oil Company, or between plaintiff and the Standard Oil Company."

The trial court concluded that appellant's cause of action is based on the letter and not on the note. The burden of proof on the conditions stated by appellant rested on appellant.

The court, in the conclusions, said that: "The case was tried on the assumption that defendant had pleaded the four years statute of limitations in bar. Such pleading does not, at the present time, appear in the record, and same, if such there ever was, was not filed with the Clerk of the Court."

The appellant made some objections to the court's findings of fact and conclusions of law, and requested the court to find that its action is founded on the note and the letter, and to find that at no time did appellant assume that limitation had been pleaded.

The record does not show that the court made any findings or conclusions other than those above noted.

To the judgment rendered appellant excepted and gave notice of appeal.

### Opinion.

It seems from the statement of the trial court in the conclusions of law filed that appellee's exception as a bar to appellant's cause of action by reason of the four-year statute of limitation had not been filed, or at least marked filed, with the clerk of the court. It was probably an oversight. No objection to the special exception as not filed is shown to have been taken at a time when the error or oversight could then have been corrected. As above stated, the judgment in the transcript shows that the pleadings were before the court and acted upon by the court and the limitation pleaded by the special exception sustained.

 We do not concur in appellant's contention that the defense of limitation may not be pleaded by special exception.

Here, appellant pleaded the cause of action both on the note and on the letter, thus anticipating the plea. When the petition on its face discloses the accrual of the statutory period, the special exception is available. The note was set out in full in the petition, as was also the letter. 28 Tex.Juris. page 288.

As said by the District Court after analyzing the letter, neither the pleading on the letter nor the evidence shows any relationship between the appellant, Pasotex Petroleum Company and the Standard Oil Company, to whom Hinson, in the letter, thought he was indebted when he wrote the letter.

 We think the District Court made a proper analysis of the letter; other than an acknowledgment of the debt, the letter does not clearly express a willingness or time when to pay.

We have considered the points submitted by appellant, and do not feel the necessity of discussing them, as we believe what we have said is a proper disposition of the case. The propositions are overruled.

The case is affirmed.