For the foregoing reasons, the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court.

## TRI–STATE ASS'N OF CREDIT MEN v. HINSON.

### No. 7461.

Supreme Court of Texas.

Oct. 5, 1938.

David J. Smith, of El Paso, for plaintiff in error.

Mae M. Ament, of Alpine, for defendant in error.

GERMAN, Commissioner.

This suit was filed in the District Court of El Paso County by Tri-State Association of Credit Men, a corporation, against W. P. Hinson. The parties will be designated as in the trial court.

Plaintiff for cause of action pleaded that it was owner by assignment of a note executed by defendant May 19, 1932, payable to Pasotex Petroleum Company. This note was payable on demand, and at the date of filing of original petition was subject to the bar of limitation. Anticipating a plea of limitation, plaintiff set out certain correspondence which it alleged constituted an acknowledgment of the justness of the debt and was sufficient to prevent the bar of limitation. Defendant answered by a general demurrer, a special exception, and a general denial. The special exception to the petition was "that it appears therefrom, despite the letter from defendant, relied upon by defendant to toll the statute of limitations, that plaintiff's action, as therein stated, accrued more than four years before the commencement of this suit and that same is barred by limitation."

The case was tried by the Court without a jury. The judgment makes no mention of any action concerning the special exception urged by defendant. It recites that after considering the pleadings, the evidence and arguments of counsel the court is of the opinion "that the plaintiff's cause of action is barred by the four years statute of limitations pleaded by defendant as a defense to said cause of action, and that the defendant is, therefore, entitled to judgment." This judgment was affirmed by the Court of Civil Appeals. 117 S.W.2d 158.

In the last analysis, the only proposition relied upon by plaintiff here is that there was no pleading to support the judgment of the court, in that defendant did not specially plead limitation in bar, but only by way of special exception, which was not acted upon, and was therefore waived.

The trial court filed findings of fact and conclusions of law. In both the findings of fact and conclusions of law it is stated that plaintiff's cause of action was founded on the letter of September 11, 1936, and not upon the note. The court further found that for several reasons the letter mentioned was not sufficient as an acknowledgment of the justness of the debt and was not sufficient to toll the statute of limitation. There is, however, an apparent inconsistency in the findings. It cannot be contended that if the letter was sufficient to create a new cause of action that limitation would have applied, even if pleaded. Manifestly what the trial court intended to find was that the principal controversy was over the sufficiency of the letter to toll the statute of limitations; and as it was not sufficient for that purpose, then the cause of action founded on the note was barred. This is the only theory upon which the recital in the judgment to the effect that the cause of action was barred by the four years' statute can be given any meaning.

■ This brings us to the proposition as to whether or not there was a plea of limitation filed. As before stated, the only plea shown in the record was in the form of a special exception. The record shows no action whatever with reference to this special exception. It is a familiar rule that a special exception, not shown by the record to have been called to the attention of the court and acted upon, is waived. Besides, if this special exception had been

called to the attention of the court same should have been overruled. The pleading may have shown on its face that the note within itself was barred, but the additional allegation set up a situation which may have relieved it from the bar. Obviously, the pleading as a whole did not show affirmatively that the cause of action was barred. Grounds v. Sloan, 73 Tex. 662, 11 S.W. 898; Braddock v. Brockman, Tex. Civ.App., 49 S.W.2d 908. For this reason the case became one where it was peculiarly fitting to specially plead limitation. The special exception not being sufficient to constitute a plea of limitation, it necessarily remains true that none was filed, and judgment could be properly entered upon the original note. Gathright v. Wheat, 70 Tex. 740, 9 S.W. 76; Garcia v. Yzaguirre, Tex. Com.App., 213 S.W. 236, 237.

■ Defendant apparently recognizes that the exception was not a sufficient plea as required by the statute, but strongly relies upon a finding of the trial court as follows: "This case was tried on the assumption that defendant had plead the four years statute of limitations in bar. Such a pleading does not, at the present time, appear in the record, and same, if such there ever was, was not filed with the Clerk of the Court." While this is designated a "conclusion of law," it manifestly is not such. Section 4 of Article 1997 provides that pleadings in civil suits in the district court shall "be in writing, signed by the party or his attorney and be filed with the clerk." Article 5540 provides as follows: "The law of limitation shall not be available in any suit unless it be specifically set forth by the party who in his answer invokes it as a defense." In light of these statutes we think that the defense of limitation should appear by the record to have been actually filed, and disposition of the case cannot be controlled by a mere declaration that the parties tried the case on an "assumption" that limitation had been pleaded.

Nothing was pleaded by defendant which would avoid the binding effect of the note of May 19, 1932. It follows, therefore, that judgment should have been rendered in favor of plaintiff on same.

The judgments of the Court of Civil Appeals and of the district court are reversed, and the cause is remanded.

Opinion adopted by the Supreme Court.