## TRI-STATE ASSOCIATION OF CREDIT MEN, A CORPORATION, v. W. P. HINSON.

No. 7461.  Decided November 27, 1940.
Rehearing overruled January 22, 1941.
(144 S. W., 2d Series, 881.)
(146 S. W., 2d Series, 723.)

*David J. Smith,* of El Paso, for plaintiff in error.

When it is sought to take advantage of the defense of limitation by special exception, such exception must be presented to the trial court for determination before proceeding to trial upon the facts of the case. Otherwise such special exception is waived. Holland v. Western Bank & Trust Co., 119 S. W. 694; Dickinson v. Lott, 29 Texas 172.

*Mrs. Mae M. Ament,* of Alpine, for defendant in error.

Where plaintiff's petition affirmatively shows upon its face that the cause of action is barred by limitation defendant has a right to set up the plea of limitation by special exception, and where the trial court has tried the case of the theory of limitation, the appellate court cannot try it upon a different theory. Rivers v. Washington, 34 Texas 267; Ready v. Ozan Inv. Co., 190 Ark., 506, 79 S. W. (2d) 433; Askey v. Power, 36 S. W. (2d) 446.

MR. JUDGE GERMAN, of the Commission of Appeals, delivered the opinion for the Court.

This suit was filed in the District Court of El Paso County by Tri-State Association of Credit Men, a corporation, against W. P. Hinson. The parties will be designated as in the trial court.

Plaintiff for cause of action pleaded that it was owner by assignment of a note executed by defendant May 19, 1932, payable to Pasotex Petroleum Company. This note was payable on demand, and at the date of filing of original petition was subject to the bar of limitation. Anticipating a plea of

limitation, plaintiff set out certain correspondence which it alleged constituted an acknowledgment of the justness of the debt and was sufficient to prevent the bar of limitation. Defendant answered by a general demurrer, a special exception, and a general denial. The special exception to the petition was "that it appears therefrom, despite the letter from defendant, relied upon by defendant to toll the statute of limitations, that plaintiff's action, as therein stated, accrued more than four years before the commencement of this suit and that same is barred by limitation."

The case was tried by the Court without a jury. The judgment makes no mention of any action concerning the special exception urged by defendant. It recites that after considering the pleadings, the evidence and arguments of counsel the court is of the opinion "that plaintiff's cause of action is barred by the four years statute of limitations pleaded by defendant as a defense to said cause of action, and that the defendant is, therefore, entitled to judgment." This judgment was affirmed by the Court of Civil Appeals. 117 S. W. (2d) 158.

■ In the last analysis, the only proposition relied upon by plaintiff here is that there was no pleading to support the judgment of the court, in that defendant did not specially plead limitation in bar, but only by way of special exception, which was not acted upon, and was therefore waived.

The trial court filed findings of fact and conclusions of law. In both the findings of fact and conclusions of law it is stated that plaintiff's cause of action was founded on the letter of September 11, 1936, and not upon the note. The court further found that for several reasons the letter mentioned was not sufficient as an acknowledgment of the justness of the debt and was not sufficient to toll the statute of limitation. There is, however, an apparent inconsistency in the findings. It cannot be contended that if the letter was sufficient to create a new cause of action that limitation would have applied, even if pleaded. Manifestly what the trial court intended to find was that the principal controversy was over the sufficiency of the letter to toll the statute of limitations; and as it was not sufficient for that purpose, then the cause of action founded on the note was barred. This is the only theory upon which the recital in the judgment to the effect that the cause of action was barred by the four years statute can be given any meaning.

■ This brings us to the proposition as to whether or not there was a plea of limitation filed. As before stated, the only plea shown in the record was in the form of a special excep-

tion. The record shows no action whatever with reference to this special exception. It is a familiar rule that a special exception, not shown by the record to have been called to the attention of the court and acted upon, is waived. Besides, if this special exception had been called to the attention of the court same should have been overruled. The pleading may have shown on its face that the note within itself was barred, but the additional allegation set up a situation which may have relieved it from the bar. Obviously, the pleading as a whole did not show affirmatively that the cause of action was barred. Grounds v. Sloan, 73 Texas 662, 11 S. W. 898; Braddock v. Brockman, 49 S. W. (2d) 908. For this reason the case became one where it was peculiarly fitting to specially plead limitation. The special exception not being sufficient to constitute a plea of limitation, it necessarily remains true that none was filed, and judgment could be properly entered upon the original note. Gathright v. Wheat, 70 Texas 740, 9 S. W. 76; Garcia v. Yzaguirre, 213 S. W. 237.

■ Defendant apparently recognizes that the exception was not a sufficient plea as required by the statute, but strongly relies upon a finding of the trial court as follows: "This case was tried on the assumption that defendant had plead the four years statute of limitations in bar. Such a pleading does not, at the present time, appear in the record, and same, if such there ever was, was not filed with the Clerk of the Court." While this is designated a "conclusion of law," it manifestly is not such. Section 4 of Article 1997 provides that pleadings in civil suits in the district court shall "be in writing, signed by the party or his attorney, and be filed with the clerk." Article 5540 provides as follows: "The law of limitation shall not be available in any suit unless it be specifically set forth by the party who in his answer invokes it as a defense." In light of these statutes we think that the defense of limitation should appear by the record to have been actually filed, and disposition of the case cannot be controlled by a mere declaration that the parties tried the case on an "assumption" that limitation had been pleaded.

Nothing was pleaded by defendant which would avoid the binding effect of the note of May 19, 1932. It follows, therefore, that judgment should be rendered in favor of plaintiff on same.*

---

*See opinion on rehearing, p. 5.

The judgments of the Court of Civil Appeals and of the district court reversed, and the cause is remanded.

Opinion adopted by the Supreme Court November 27, 1940.

### ON MOTION FOR REHEARING.

Plaintiff in error insists in motion for rehearing that this cause be reversed and judgment rendered in its favor. This contention is based primarily upon a statement which was inadvertently made in the original opinion. This statement is as follows: "Nothing was pleaded by defendant which would avoid the binding effect of the note of May 19, 1932. It follows, therefore, that judgment should be rendered in favor of plaintiff on same." The statement should have been as follows: "Nothing was pleaded by defendant which would avoid the binding effect of the note of May 19, 1932. It follows, therefore, that judgment should have been rendered in favor of plaintiff on same."

In other words, we intended to state that in the trial court, in light of the pleadings, the court should have rendered judgment in favor of plaintiff.

The case was tried upon the theory that limitation had been pleaded. It is evident that defendant in error intended to plead limitation, but failed to properly do so. Justice requires that the cause be remanded, and the motion is therefore overruled.

Opinion adopted by the Supreme Court January 22, 1941.

