JOS. MIKESKA v. LEON & H. BLUM.

(Case No. 1904.)

1. COLLATERAL ATTACK — SERVICE — NOTICE.— To render a judgment of the district court liable to collateral attack for want of service or notice to defendant, against whom the judgment was rendered, it is necessary that the absence of notice or service should appear affirmatively on the face of the proceedings in which the judgment was rendered.

2. FRAUD — COLLATERAL ATTACK.— A judgment obtained by fraud is not for that reason subject to a collateral attack. It is voidable only, and remains a valid judgment, unless annulled by some proceeding having for its object to set it aside; it cannot be collaterally attacked.

3. CONTRACT.— As between parties to a contract. an agreement by which an obligation entered into by one of them is to mature at an earlier day than by the terms of the original contract was agreed upon, is binding.

4. COLLATERAL ATTACK.— A judgment rendered in a suit founded on an obligation before its maturity is not subject to collateral attack.

5. AGREEMENT — ATTORNEY.— An agreement which provides that a judgment may be confessed by any attorney selected by the creditor is not for that reason void, if the agreement was voluntarily made by the creditor.

ERROR from Washington. Tried below before the Hon. I. B. McFarland.

Mikeska entered into a written contract with L. & H. Blum, which, among other things, provided as follows: " That any indebtedness from me (Mikeska) to L. & H. Blum then existing, or there-

after to be made, shall be actually due and payable from and after the date of the transaction on which it is based; . . . that any practicing attorney designated by L. & H. Blum may appear in open court at any term of any court that L. & H. Blum may select, having jurisdiction of the amount sued on, during the term of said court, waive process, accept service and confess judgment against me upon a statement verified by affidavit of L. & H. Blum, or their agent, for the amount sued on and owing, and ten per cent. attorneys' fees additional," etc.

On the 7th day of September thereafter, 1883, L. & H. Blum filed suit in the district court of Bexar county against Jos. Mikeska, for the sum of $1,595.48, and interest, alleged to be past due, and on the 7th day of September, 1883, L. D. Dibble, an attorney-at-law, was designated in writing by L. & H. Blum as the attorney to appear for Mikeska, to accept service, waive process and confess judgment against him and in favor of L. & H. Blum on said indebtedness. On the same day Dibble accepted service, waived process and confessed judgment against Mikeska for the sum of $1,628.19, principal and interest, and $162.81, being ten per cent. attorneys' fees. On this judgment execution was issued and on the 8th day of September, 1883, levied in Washington county on a stock of goods belonging to said Mikeska.

Mikeska brought this suit in Washington county against L. & H. Blum, to recover damages for an alleged wrongful and malicious levy of a writ of execution issued on the judgment obtained in Bexar county, claiming that the same was null and void. Defendants demurred and filed special pleas to the jurisdiction of the court, claiming the privilege of being sued in the county of their residence, claiming that the judgment rendered in Bexar county was valid, and the proceedings under it by which the sale was made were also valid, and that the district court of Washington county had no power to revise and correct the judgment.

The court sustained defendants' plea to the jurisdiction and dismissed the petition.

*Carl Schutze* and *F. D. Jodon,* for plaintiff in error, cited: R. S., art. 1198; Treadway *v.* Eastburn, 57 Tex., 213; Murchison *v.* White, 54 Tex., 82; Grubbs *v.* Blum, Tex. Law Rep., vol. 3, No. 7, p. 428.

*Searcy & Bryan,* for defendants in error, cited: Crane *v.* Blum, 56 Tex., 329; Montgomery *v.* Carlton, 56 Tex., 365; Fleming *v.*

Seeligson, 57 Tex., 525; Brockenborough *v.* Melton, 55 Tex., 493; Clayton *v.* McKinnon, 54 Tex., 206; Shaw *v.* Cade, 54 Tex., 311; Murchison *v.* White, 54 Tex., 79; Freeman on Judgments, p. 130.

WILLIE, CHIEF JUSTICE.— The appellant claims that the judgment rendered against him in Bexar county, in favor of Leon & H. Blum, was absolutely void, and liable to collateral attack; and that, in attempting to enforce it by a levy upon the property of appellant, the plaintiffs were guilty of a trespass.

Upon this latter ground he claims that the county of Washington had jurisdiction of the cause, the levy having been made in that county.

It is contended that the judgment is void, because no citation was issued in the suit wherein it was obtained; because Mikeska had no notice of the pendency of that suit, and because he did not employ the attorney who confessed the judgment, or authorize him to appear for him in the cause.

In order to render a judgment of the district court of Bexar county liable to impeachment in a collateral action for want of service upon a defendant or notice to him, it is necessary that the want of service or notice should appear upon the face of the proceedings wherein the judgment was rendered.

It is a familiar principle that an attorney properly authorized may waive service for his principal, and it is an express provision of our Revised Statutes that a defendant may appear by an attorney without process and confess judgment in favor of a creditor. It is necessary, in such cases, that the attorney be authorized in writing to make the confession, and that his authority be filed in the cause. R. S., 1347, 1348, 1349.

On the face of the proceedings in the Bexar district court, it seems that all the requisites prescribed by the statute to make the judgment by confession legal were complied with, unless the agreement between L. & H. Blum and Mikeska, under which the attorney acted, was of such a character as would render it void, and confer no authority upon the attorney who made the confession.

The appellant attacks the agreement mainly upon the grounds that it was procured by fraud; that it authorized suit before the claims referred to in it were due; and that it was not sufficient to authorize the attorney who made the confession to act for the appellant in that behalf.

(1) A judgment obtained by fraud is not for that reason liable to a collateral attack. It is voidable, not void, and a direct proceed-

ing is necessary to annul or set it aside. This is too well settled to require further notice. Murchison *v.* White, 54 Tex., 78; Fleming *v.* Seeligson, 57 Tex., 525.

(2) There is nothing to prevent parties to a contract from making such other agreements in writing, contemporary with its execution, as they may choose, although such agreement may vary the terms of the contract. The agreement will be binding between the parties, and may be enforced, although it make the paper referred to in it more or less onerous upon one of the parties than it would appear to be upon the face of the paper itself. As to third parties, the rule would be different if they had no notice of the separate agreement. We see no objection, therefore, to the parties in this case making a separate agreement, binding upon them, to the effect that the claims sued on in Bexar county should mature at an earlier date than was provided for in the claims themselves, and, even if the suit was premature, that was matter for defense to the action, and not cause for collateral impeachment of the judgment rendered upon them.

(3) It is too clear for argument that a party may appoint an attorney and provide that, in case he does not act, another person, even his creditor in the particular transaction, may select an attorney to act in his place. This is the usual and almost universal practice in cases of deeds of trust, and the acts of the substituted attorney performed in conformity with the power conferred on him in the deed are always upheld.

The agreement was not, therefore, void, merely for the reason that it provided in the alternative for a confession of judgment to be made by an attorney to be selected by the creditors of Mikeska. Even if irregular or illegal, this was matter of defense to the original suit, or, at most, matter to be set up in a direct proceeding to annul the judgment.

The authority exercised by the attorney was capable of ratification by Mikeska, and hence was not void. To prevent acquiescence on his part from amounting to ratification, he should have brought to the knowledge of the parties, claiming a right under the power, his disaffirmance of the acts of the attorney, in such a proceeding as would have allowed them an opportunity to establish its validity if possible.

The face of the proceedings did not show that the power of attorney was absolutely void, and that service had not been properly and legally waived by the appellant, and he could not in this collateral manner have the validity of the power tried and tested by extra-

neous circumstances. As the judgment was valid and subsisting until annulled in some direct proceeding, the execution issued upon it was, of course, not void, and was capable of enforcement against the property of appellant wherever found in the state. The levy of the writ upon his property in Washington county was not a trespass for which an action would lie in that county or anywhere else. The court, therefore, did not err in sustaining the demurrer and dismissing the cause, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered January 13, 1885.]