I. N. Stewart et al. v. J. Fred Robbins and Wife.

Decided November 2, 1901.

1.—Limitations—Action Against Guardian.

A proceeding to set aside a judgment discharging a guardian and to require him to again file his account for final settlement must be brought within four years, under article 3358, Revised Statutes.

2.—Cases Distinguished.

Murchison v. White, 54 Texas, 78, and Best v. Nix, 6 Texas Civil Appeals, 349, holding the two years statute of limitations applicable to cases of this character, distinguished as being under former statutes.

3.—Judgment—Removing Disabilities of Minority—Irregularities.

Where a judgment removing the disabilities of minority recited, and the facts were shown to be, that the minor, then 19 years old, appeared in her own proper person at the hearing of the application, and that the material averments of her petition were established by competent proof then heard, such judgment, it seems, is not rendered void and a nullity by reason of the fact that the minor's application was not signed by her, nor sworn to by any one cognizant of the facts set out therein, as required by the statute. Rev. Stats., art. 3499.

4.—Same—Discharge of Guardian—Conclusiveness.

A judgment discharging a guardian is not absolutely void because at its rendition the person under guardianship was a minor, but it operates as any other judgment of like kind until in an appropriate proceeding and within a proper time it is reversed or set aside.

5.—Same.

So the recital and finding in such a judgment of the jurisdictional fact that the person under guardianship was of age is conclusive until duly set aside, although false in fact.

6.—Same.

Nor is such judgment of discharge void because the petition therefor was defective in form in wanting some of the elements prescribed by statute for final accounts.

7.—Amendment—Limitations—New Cause of Action.

Where appellees' original complaint alleged that the guardian had not filed his final account, and asked that he be required to do so, and an amendment to such pleading alleged that there had been a final settlement and a discharge of the guardian, and prayed that the judgment of discharge be set aside because it was not rendered on a fair final account, the amendment set up a different cause of action, and not having been filed within four years, was barred by limitation.

8.—Same—Looking to Superseded Pleading.

Where an original pleading has been superseded by amendment, and has therefore, under rules 14 and 84 for the district and county courts, been omitted from the record, it may still be looked to on a question of limitations, although it was not introduced in evidence.

9.—Guardian—Judgment Discharging Not Set Aside.

See evidence in proceeding to set aside a judgment finally discharging a guardian, brought after four years, held not sufficient to warrant such relief, because the circumstances shown merely tended to prove fraud and concealment, and no sufficient reason appears why the proceeding was not instituted within the statutory period.

10.—Practice on Appeal—Findings of Fact.

The courts of civil appeals are not required to set forth findings on such matters as forms of receipts, orders, decrees, and testimony fully set forth in the record, and about which no question of conflict arises.

Error from Tarrant.   Tried below before Hon. Irby Dunklin.

*R. G. Johnson, Wallace Hendricks,* and *W. R. McLaury,* for plaintiffs. in error.

*Tarlton & Ayers* and *B. J. Houston,* for defendants in error..

CONNER, CHIEF JUSTICE.—In 1888 I. N. Stewart, one of the plaintiffs in error, was duly appointed and qualified as guardian of the estate of his minor daughters, Carrie and Grace Stewart. The estate consisted of two parcels of land that Stewart had theretofore purchased and caused to be conveyed to his said daughters. The estate seems to have been regularly administered in the County Court of Tarrant County until June 29, 1893, when a judgment of the District Court was obtained removing the disabilities of Grace Stewart as a minor, Carrie theretofore having obtained her majority. On July 12, 1893, I. N. Stewart filed in the County Court what was designated as his final account, alleging settlement in full with his ward, Grace Stewart, and praying for final discharge as guardian. Attached thereto as an exhibit was a receipt signed and duly verified by Grace Stewart in which she declared that her disabilities as a minor had been removed by the District Court on June 29, 1893, and that on June 30 she received from her said guardian all of her estate, personal and real, in a full and fair settlement of all matters pertaining to his trust. She also waived service and publication of filing of the account, and entered her appearance in the cause. Said final account came regularly on to be heard on January 23, 1894, when said County Court entered judgment in due form approving said account and fully and finally discharging I. N. Stewart as guardian. The judgment recited the presentation of the account, the waiver of Grace and Carrie Stewart, the hearing of evidence and a finding "that said minors have attained their majority." No appeal or other proceeding to review or set aside this judgment was ever taken until more than four years after its entry, as hereinafter mentioned.

Grace Stewart attained her majority on April 10, 1895, and intermarried with J. Fred Robbins in December, 1898, after which, to wit, on April 6, 1899, she, joined pro forma by her said husband, instituted this proceding by filing in said County Court a complaint under the provisions of chapter 18, title 51, Revised Statutes, and article 2776, prescribing that "should the guardian fail to file his account for final settlement at the proper time, the court shall * * * upon the complaint in writing of anyone interested in the estate, cause such guardian to be cited to appear and file such an account." The complaint alleged, among other things, the disposition of one of the tracts of land by I. N. Stewart, and the appropriation of the rents and revenues of the other during the guardianship; that he had wholly failed to file "his final account * * * or to secure an order discharging said

guardian and closing said guardianship as required by law." The prayer was for citation to I. N. Stewart and the other plaintiffs in error herein as those liable on Stuart's bond as guardian; that Stewart be required to file an account for final settlement, and that he be adjudged to be accountable to complainant Grace Robbins in the sums for which it is alleged that he had failed to account, aggregating several thousand dollars. The parties complained of appear to have been cited, and defendants in error, on May 25, 1899, among other pleadings, filed in said County Court their second amended petition, substantially reiterating the averments of the original complaint, and for the first time noticing said judgment of January 23, 1894, discharging the guardian. As to this it was alleged that "the judgment rests not upon a fair, just, and final account, but upon an account and pretended settlement made and secured by the fraudulent contrivance of said guardian as elsewhere alleged; that the said complainant did not until this day know of the said entry of said judgment upon the minutes of said court, though diligent search of said minutes had been made by their attorneys, assisted by the clerk of this court; that said judgment of discharge is grossly unjust, in that it rests upon a pretended, false, and fraudulent settlement." The prayer of said amended petition was as in their original petition or complaint, and that "said pretended judgment be ignored and held for naught, and that said pretended judgment of discharge be revised, corrected and set aside," and said guardian be required to "file such final account as is prescribed by law." The settlement referred to in this amended answer was that of June 30, 1893, which, together with the judgment removing Grace Stewart's disabilities as a minor, was fully attacked as without consideration, fraudulent, and void. The plaintiffs in error in answer pleaded in bar the general denial, a special denial of the fraud and concealment and want of knowledge on the part of Grace Robbins alleged, the two and four years statute of limitation, and said judgment finally discharging the guardian.

The result of the contest in the County Court has not been presented, but upon a trial in the District Court on appeal, upon the pleadings as hereinbefore substantially stated, the court, upon the conclusion of the evidence, charged the jury that the settlement and judgments hereinbefore mentioned were nullities; that complainant, Grace Robbins, was not barred of her action by limitation, and peremptorily directed that the jury should return a verdict "for the plaintiff Grace Robbins against I. N. Stewart, requiring him to file his final account in the County Court of Tarrant County, Texas, sitting for probate purposes, as required by law." From the verdict and judgment in accord with this instruction plaintiffs in error have prosecuted a writ of error.

The assignments of error require of us a determination of the effect to be given to the judgment discharging I. N. Stewart, and the question of limitation presented by the facts herein detailed.

Plaintiffs in error insist that the defendants in error are subject to the

two years statute of limitation. If so, it is clear that Grace Robbins was barred of the remedy of which she sought to avail herself at the time of the institution of this suit. We are of opinion, however, that it is the four and not the two years statute of limitation that must be applied to the facts of the case. In Murchison v. White, 54 Texas, 78, and in McAnear v. Epperson, 54 Texas, 221, it was held that proceedings similar to the one before us was barred in two years, and the rule was so applied by the Court of Civil Appeals of the Third District in the case of Best v. Nix, 6 Texas Civil Appeals, 394. These cases, however, are evidently based upon former statutes not now in force. Article 4616, Paschal's Digest, provided that "No * * * bill of review shall be granted to any decree * * * after two years from the time such judgment or decree shall have been made final," but this does not seem to have been carried forward into our present Revised Statutes. The statute upon which the original complaint herein is based provides that should the guardian fail to file his account for final settlement at the proper time, anyone interested in the estate may cause him to be cited to do so. The time within which such interested person may so do is not specified; nor has the statute fixed, specifically, a time within which original suits to set aside final judgments may be filed. So that we think we must apply the rule prescribed in article 3358 to the effect that "every action * * * for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued, and not afterwards."

It seemed also to be practically conceded on the submission of this cause that defendants in error are barred if the judgment of the District Court of June 23, 1893, removing Grace Stewart's disabilities as a minor can be sustained; but they insist that it is an absolute nullity because the petition therefor was not signed by her, and was not "sworn to" by any person cognizant of the facts set out in said bill or petition," as prescribed in article 3499 of the Revised Statutes. This contention seems to be fully supported by the case of Cox v. Johnson, 80 Alabama, 22. Our Supreme Court, in the case of Brown v. Wheelock, 75 Texas, 385, held that the proceeding to remove the disabilities of a minor under our statute was not strictly judicial, and that no presumptions are to be indulged in aid of such a judgment. If this be conceded, it would seem that the presentation of a petition in substantial compliance with the statute is a prerequisite to the court's action, and without which no jurisdiction in the district court exists to declare such a judgment, in which event, of course, the judgment may be disregarded as void in whatsoever proceeding presented. In the case from our court cited, however, it is further stated that the compliance with the statute need be substantial only, and we hardly feel prepared to hold this not to have been the case in the instance before us. The statute does not specifically require that the petition shall be signed by the minor, nor prescribe the manner of its presentation, nor that it shall be verified by an "affidavit" with the formalities specified in article 6, Revised Stat-

utes. The judgment under consideration recites, and the facts are, that Grace Stewart's petition to have her disabilities removed was presented in open court, she appearing in her own proper person, and that its material averments were established by proof then heard. This proof, as the evidence shows, was the sworn testimony of I. N. Stewart and of Grace Stewart, the petitioner, in person. So that, in the absence of a statute specifically directing how or when or by whom the petition shall be verified, we rather incline to the opinion that the judgment removing the disabilities of complainant, should not now be held an absolute nullity.

We, however, do not desire to rest our decision upon this conclusion. The yet more serious question arises, what effect must be given the judgment of the probate court discharging I. N. Stewart as guardian and releasing his sureties as such? It is insisted that this judgment is also a nullity, and is to be ignored entirely. If so, the suit was brought in time. Allen v. Stoval, 63 S. W. Rep., 864. That it is a judgment of a court having general jurisdiction of the subject matter we think must be conceded. But it is said that by reason of complainant's minority at the time and of the fact that the judgment removing complainant's disabilities was void, the County Court was without jurisdiction at the time to render such judgment. It would seem that action by the probate court upon the final account and the discharge of a guardian, specified in chapter 18, title 51, of the Revised Statutes relating to the subject, was not contemplated until the ward dies, arrives at the age of 21 years, or, in the case of a female, marries. Rev. Stats., art. 2764. But it does not necessarily follow that the county court is without jurisdiction to enter an order discharging a guardian, and hence the sureties on his bond, in instances not provided for in article 2764. We find in the same title, Revised Statutes, articles 2692-2695, that a guardian may resign his trust, and by order of the court to that effect be fully discharged under the circumstances set forth in these articles, regardless of the minority of his ward. See also Hirshfield v. Brown, 30 Southwestern Reporter, 962, and authorities therein cited to the effect that when, as was the case here, the probate court once lawfully acquires jurisdiction, thereafter its proceedings are in the nature of proceedings in rem, of which all parties in interest are required to take notice, and that in such case orders and decrees relating to the estate of which jurisdiction has been so obtained are rarely, if ever, declared void in the strict sense of that term. Regardless of the suggestion last made, however, we are of opinion that the judgment was not absolutely void by reason merely of the fact shown that at the time of its rendition Grace Stewart was a minor and under disability of law as such. Notwithstanding such fact, the judgment of discharge operated as any other judgment of like kind until, in an appropriate proceeding and within a proper time, it was reversed or set aside.

It has often been decided that the fact that a judgment has been fraudulently procured renders such judgment voidable only. Mur-

chison v. White, 54 Texas, 78; Fleming v. Seligson, 57 Texas, 524;. Mikeska v. Blum, 63 Texas, 44. It has also often been held that when a. court of general jurisdiction has determined the existence of the facts. authorizing its action, such determination is conclusive until it be duly set aside.

If, therefore, it be conceded that the judgment removing Grace Stewart's disabilities was fraudulently procured with a view of enabling I. N. Stewart to thereby unlawfully secure his discharge as a guardian,. and that it was void because the necessary formalities thereto were not. observed, and if it be further conceded, as must be done, that Grace Stewart was under the age of 21 years at the time of the rendition of the judgment of discharge, yet the undisputed facts show that the County Court, sitting for probate purposes, in 1888, in all particulars lawfully acquired jurisdiction over the estate in question, and that, as is recited in the face of the judgment, such court entertained and proceeded to hear what it designated as the "final account" of I. N. Stewart as guardian of said estate, and, after having first found that Carrie and Grace Stewart had attained their majority and had waived service and notice, adjudged that said account be approved and I. N. Stewart be finally discharged.

If the jurisdiction of the court to render this judgment be dependent alone upon the age of Grace Stewart, as seems to be insisted upon, nevertheless the court expressly finds the existence of the jurisdictional fact, viz., the majority of Grace Stewart, and whether it be true or false, such finding is conclusive until duly set aside. Black on Judg., secs. 273, 274.

It is insisted, however, that inasmuch as in the petition for discharge, it was alleged that Grace Stewart became 19 years of age on April 10, 1893, and that her disabilities were removed on June 23, 1893, the void proceeding relating thereto became part of the record in the probate court, and that therefore the minority of Grace Stewart at the time of the judgment of discharge affirmatively appears on the face of the record, the judgment recital to the contrary notwithstanding.

We can not agree with this contention. The petition for discharge did not disclose the alleged nullity of the proceedings of the District Court. The averment that her disabilities had been removed was at most merely the allegation of a jurisdictional fact, the truth or falsity of which was for the court's determination. We have no means of knowing the method pursued in the ascertainment of the fact, but the evidence then submitted to and heard by the court may have conclusively shown the regularity of the proceedings. As recited in the judgment, the court found that Grace Stewart had attained her majority, and it is by no means impossible that the court in the ascertainment of its jurisdiction disregarded the recital in the application and heard and gave credence, though false it may have been, to testimony that established the fact, in effect recited that Grace Stewart was over the age of 21 years. However his may be, the jurisdictional facts were determined and the

court proceeded to judgment, and as before stated, the judgment is conclusive until set aside. Nor can we think the judgment a nullity merely because the petition for discharge was wanting in some of the elements prescribed by the statute for final accounts. This was a defect in form of procedure that could be corrected at the proper time and in the proper manner, but the. irregularity, for irregularity it is at most, can not be given the effect now contended for.

It is insisted that the original and amended petitions present substantially the same cause of action, and that defendants in error are not barred by the statute because the original complaint was filed within four years after the majority of Grace Stewart. We think an answer to this contention will be found in a careful consideration of the original and amended pleadings. The defendants in error can not be permitted to avoid the effect of the judgment of discharge by the form they saw proper to give to their initiatory action. It was permissible to demand the several reliefs necessary, to wit, to have the judgment of discharge set aside, and then require an accounting of the guardian. But the causes of action were essentially different. The judgment while in force was a complete bar to an accounting, and in so far as the action was to set aside this judgment it was an original suit. Eddleman v. Glathery, 74 Texas, 280; Ruenbuke v. Hoffran, 38 S. W. Rep., 1028. We think it plain that the amended pleadings, by the adjudged tests, set up a new right not set up in the original complaint, one to be supported by different allegations and proof. Phoenix Lumber Co. v. Houston Water Co., 61 S. W. Rep., 707.

The allegation in the original complaint that I. N. Stewart had never filed a final account according to law can not supply averments necessary to show a right to have the judgment set aside. It is evident that such purpose was not originally in the mind of the pleader, for it was expressly alleged in the second amended petition, containing the first prayer for such relief, that the existence of the judgment had been first discovered on the day the amendment was filed.

On the authority of Railway v. English, 59 Southwestern Reporter, 627, it is contended that we can not look to the original complaint on the issue of limitation, because it was not introduced in evidence. While ordinarily a petition that has been substituted by an amendment is to be left out of the record required by the statutes, express exception is made in cases where it is "necessary to look to the superseded pleading upon a question of limitation." Rules 84 and 14 of Rules for District and County Courts. See also Railway v. Speights, 1 Texas Court Reporter, 515, where our Supreme Court distinctly disapproves the intimation in the case of Cotten v. Jones, 37 Texas, 34, that it is necesary to introduce in evidence file marks upon a petition to show the date of the institution of the suit. If upon the question of limitation we may look to the file marks upon a pleading that has been superseded by amendment we see no reason why we may not look to the body of the pleading.

We add in conclusion that we have found no sufficient reason alleged or proven why action was not taken to set aside the judgment of discharge within four years after Grace Stewart attained her majority. The circumstances of fraud and concealment alleged and shown, at most tend to show that the judgment was fraudulently procured. There is no sufficient averment or evidence that after its rendition and entry upon the public records of the county Grace Stewart was misled or lulled into inaction by any act or word of fraudulent character by her former guardian. On the contrary it affirmatively appears that she was at the time a young lady of unusual intelligence, over the age of 19 years, and by verified statements that she was a party to the proceedings, and there is no basis for finding that she was excusably ignorant thereof. In our judgment it conclusively appears that defendants in error were barred of their action to review and set aside the judgment discharging the guardian at the time of the institution of their suit therefor, and that such judgment of discharge is now conclusive of the matters herein sought to be litigated. If correct in this conclusion, it follows that the judgment from which this writ of error has been prosecuted should be reversed and here rendered for plaintiffs in error, and it is so ordered.

*Reversed and rendered.*

Writ of error refused.