KEENE v. NEWARK WATCH CASE MFG. CO.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. BONDS—SURETYSHIP—ACTIONS—COMPLAINT.
   A complaint alleged that defendant executed a bond to secure payment for gold delivered under a contract which was to continue from May 8, 1901, to January 1, 1902, and that defendant agreed to be answerable to plaintiff in damages at the termination of the contract for loss of gold in excess of a certain amount, and that on September 1, 1901, an accounting was had, which disclosed a shortage, which plaintiff demanded from the principal, but which he refused to pay, and that the loss has not yet been made good. *Held* that, the action not having been brought until after January 1, 1902, the complaint was not demurrable as to the sureties as alleging a termination of the contract on September 1, 1901.

2. SAME—COMMENCEMENT OF SUIT—DATE—DETERMINATION.
   Where, in an action on a bond, the date of the commencement of the action became material in determining the sufficiency of the complaint, it was improper for the court to base its determination thereof on a concession made on the argument of the demurrer, but the court should have taken judicial notice that the action was not commenced before the date of the summons.

Appeal from Special Term, New York county.

Action by Charles J. Keene against the Newark Watch Case Manufacturing Company. From an interlocutory judgment overruling a demurrer to the amended complaint, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, INGRAHAM, and LAUGHLIN, JJ.

Isaac L. Miller, for appellant.
A. Judson Hyatt, for respondent.

LAUGHLIN, J.   The demurrer is upon the ground that the com-
plaint fails to state facts sufficient to constitute a cause of action.   The
plaintiff had a contract with the Camm Watch Case Company, by
which he was to deliver gold to it for manufacture into watch cases,
and it agreed to account to him at all reasonable times for the gold
thus furnished, and to satisfy any obligation that might arise, during
the existence of the agreement or at its termination, on account of any
loss in gold in handling and using the same in the execution of the
contract.   The contract, by its express terms, was to continue from
the 8th day of May, 1901, until the 1st day of January, 1902.   The
action is upon a bond by which the defendant agreed to be answerable
to him in damages at the termination of said contract "for any loss of
gold in an amount in excess of one-half of one per centum of all gold
furnished thereunder."   The plaintiff alleged that he delivered to the
Camm Watch Case Company, pursuant to said contract, gold of the
value of $49,000; that on the 1st day of September, 1901, an accounting
was had, as authorized by the contract, which disclosed a shortage of
the gold so furnished of the value of $5,600.15; that he demanded that
the Camm Watch Case Company make good the deficiency, or pay the
cash equivalent, and it has done neither; that the defendant has been
apprised of the loss, and requested to make the same good, but has
failed to do so, and the loss has not yet been made good.   Judgment
is demanded for the amount for which defendant is liable under the
bond.

If, as contended by the appellant, it be the legal effect of the allega-
tion of the complaint that the contract, which was to continue until
the 1st day of January, 1902, was terminated on the 1st day of Septem-
ber, 1901, it by no means follows that the defendant is not liable.   If
that were the effect of the allegation, the inference would be that the
contract was so terminated on account of the failure of the Camm
Watch Case Company to make good the deficiency of gold found on
the acounting at that time.   It being sufficiently alleged that the de-
ficiency continued down to the commencement of the action, the de-
fendant unquestionably would be liable, provided the action were not
commenced before the 1st day of January, 1902, at which time the
contract was, in any event, to expire.   It is unnecessary to decide
whether an earlier termination of the contract would render the de-
fendant liable before the 1st day of January, 1902.

The learned justice at Special Term, in sustaining the sufficiency of
the complaint, wrote an opinion fully and ably considering every point
urged in support of the demurrer.   We would affirm on that opinion,
were it not for the fact that it fixes the date of the commencement of
the action, which became important on the determination of the de-
murrer, by a concession made upon the argument of the demurrer.
The sufficiency of a pleading to which a demurrer is interposed should

not be determined on a concession which forms no part of the record, and is not incorporated in the pleading by an appropriate amendment. By the express provisions of section 418 of the Code of Civil Procedure it is declared that "the summons is deemed the mandate of the court." The summons is dated March 28, 1902. We think the trial court could have taken judicial notice that the action was not commenced before the date of the summons, and that would have led to the same result.

It follows, therefore, that the interlocutory judgment should be affirmed, with costs, but with leave to the defendant to withdraw its demurrer and plead over on paying the costs of the demurrer and of the appeal. All concur.