## BRADDOCK v. BROCKMAN.

### No. 968.

Court of Civil Appeals of Texas. Eastland. April 1, 1932.

See, also, 29 S.W.(2d) 811.

McFarlane & McFarlane, of Graham, for appellant.

O. H. Allred and Welch & Atchison, all of Breckenridge, for appellee.

LESLIE, J.

■ This appeal is from a judgment following the action of the trial court in sustaining the defendant's special exception raising the question that the plaintiff's cause of action was barred by limitation at the date of the institution of the suit. In substance, the defendant's contention was that the plaintiff, for the first time in his first amended original petition, declared upon a cause of action against her individually, based on her written promise by letter of date January 15, 1922, to pay certain notes, and that such cause of action was then barred by the four years' statute of limitation. The exception was addressed to the second amended petition. An examination of the contents of that pleading fails to show that the facts therein alleged disclose a case barred by limitation at the time the suit was filed. As said by our Supreme Court in Grounds v. Sloan, 73 Tex. 662, 11 S. W. 898, 899: "Where the question of limitation is raised on the pleadings by exception instead of by plea, the question is not, do the pleadings affirmatively show that the action is not barred? but is, do they allege all the facts required to show that it was barred when the suit was brought?" Oswald v. Giles (Tex. Civ. App.) 178 S. W. 677.

The error of the trial court in sustaining said exception is further made to appear when considered in the light of Rules 13, 14, and 84 for district and county courts. The first two rules pertain to pleadings abandoned through amendments, and Rule 14 is as follows: "Unless the substituted instrument shall be set aside on exceptions for a departure in pleading, or on some other ground, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause unless error of the court in deciding upon the necessity of the amendment or otherwise in superseding it, be complained of, and exception be taken to the action of the court, *or unless it be necessary to look to the superseded pleading upon a question of limitation.*" (Italics ours.)

This rule contemplates just such question of limitation as that here presented. Having recourse to the procedure there prescribed, an inspection by this court of the plaintiff's original petition (incorporated in the transcript) discloses that the suit was filed well within the period of four years' limitation.

■ In passing upon said special exception thus raising the question of limitation, the court had the power and it was its duty to look to the superseded pleadings in determining that question. The Supreme Court of this state has so held in Cotton v. Jones, 37 Tex. 34; Hutchins v. Flintge, 2 Tex. 473, 47 Am. Dec. 659; T. & N. O. Ry. Co. v. Speights, 94 Tex. 350, 60 S. W. 659. See, also, Stewart v. Robbins, 27 Tex. Civ. App. 188, 65 S. W. 899; Ben'C. Jones Co. v. West Publishing Co. (C. C. A.) 270 F. 563; Masline v. N. Y., Etc., R. Co., 95 Conn. 702, 112 A. 639; McFeena's Adm'r v. Paris Home Tel. Co., 190 Ky. 299, 227 S. W. 450; Keene v. Newark Watch Case Material Co., 81 App. Div. 48, 80 N. Y. S. 859.

■■ When a question of limitation is presented such as that contemplated in Rule 14, the superseded pleadings are appropriately made a part of the transcript on appeal. The presence of such instruments in the transcript is essential to the correct disposition of

the question of limitation, and the file marks thereon and the contents thereof may be looked to by the court in passing upon special exception raising the question of limitation. This is correct procedure, both in the trial court and this court as well. As said in Stewart v. Robbins, supra, if, upon the question of limitation, we may look to the file mark upon a pleading that has been superseded by amendment, we see no reason why we may not look to the body of the pleading.

In the recent case of Askey v. Power et al., 36 S.W.(2d) 446, the Supreme Court, through the Commission of Appeals, held that pleadings that are substituted by amended pleadings should be looked to as a part of the record when necessary to determine the question of limitation, and that it is not necessary that such pleadings should appear in the statement of facts. It was there further held that trial courts take judicial notice of the date suit was filed, and that the appellate court in reviewing the proceedings in the trial court must take into consideration such facts so judicially known, the same as the trial court, and for the same reason.

Therefore, bearing these principles in mind, and looking to the file mark of the original petition, as well as the contents of that instrument, and taking such facts as judicially known in connection with the facts affirmatively disclosed by the second amended original petition, it is obvious that the cause of action which now appears in the second amended original petition was declared upon in the original petition as against the defendant individually, and that the same was not barred when the original petition was filed. A careful consideration of the foregoing authorities, the principles therein stated, and especially Rule 14, leads us to question the correctness of the holding in various opinions to the effect that the trial court is not permitted to refer to or take into consideration the file marks and contents of superseded pleadings in determining whether an exception raising the question of limitation is good. Some of the cases referred to are Arbaugh v. Robinson (Tex. Civ. App.) 286 S. W. 339; Chapman v. Head (Tex. Civ. App.) 5 S.W.(2d) 1001; Texas Employers' Ins. Ass'n v. Clark (Tex. Civ. App.) 23 S.W.(2d) 406.

Some of these opinions are by this court, and, in the consideration of the questions involved in them, Rule 14 was not called to our attention, and it escaped our notice.

The record before us shows that the plea of limitation was presented to the trial court by an exception to the second amended original petition and acted on by the court as such. Upon the same theory the question has been here considered.

Further, the cause of action embraced in the second amended original petition was sufficiently set forth in the original petition to toll the statute of limitation. It has frequently been held that a petition filed before the expiration of the statutory period of limitation, based upon proper cause of action, described with sufficient certainty to apprise the defendant thereof, is sufficient to interrupt the statute, though subject to general demurrer. Reclamation Co. v. Simmons (Tex. Civ. App.) 293 S. W. 194.

The allegations in each of plaintiff's petitions meet this requirement.

The appellant's assignments herein considered are sustained, and for the reasons assigned the judgment of the trial court is reversed, and the cause remanded.