Court of Criminal Appeals of Texas.
March 21, 1934.

L. C. Counts, of Olney, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for one year.

A state ranger, accompanied by his wife, drove to the service station of A. D. Jones for the purpose of buying a pint of whisky. According to his testimony and that of his wife, A. D. Jones came to his car and he told him that he wanted to buy a pint of whisky. At this juncture, another party drove into the filling station and Jones went to wait on him. Jones directed appellant, who was lying on a bench in the filling station, to get the ranger a pint of whisky. Going into the station, appellant reached up in the loft and secured a pint of whisky which he brought out and delivered to the ranger's wife. The money for the whisky was delivered by the ranger to Jones.

Appellant testified that he was not at the filling station on the occasion in question. He admitted that he worked for Jones a few days each week, but declared that he had no connection with the handling of any whisky by Jones.

■ Appellant insists that the evidence is insufficient to support the conviction. The court submitted the case upon the theory of principals. We think it clearly appears from the evidence introduced by the state that appellant, being present and knowing Jones' unlawful intent, aided him in committing the offense by securing and delivering the whisky which Jones sold to the state's witness. This being true, appellant was a principal. See articles 65 and 66, P. C.

■ The only bill of exception found in the record is in question and answer form, without any certificate on the part of the trial judge showing the necessity for such form. Hence said bill is not entitled to consideration. If the bill should be considered, we think it fails to reflect error.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## MOTHNER v. GRANATA et al.
### No. 2530.

Court of Civil Appeals of Texas. Beaumont.
March 28, 1934.

Rehearing Denied April 4, 1934.

D. E. O'Fiel, of Beaumont, for appellant.

H. P. Barry and Jas. A. Harrison, both of Beaumont, for appellees.

COMBS, Justice.

This case is before us as an appeal from a judgment of the county court, of Jefferson county at law, sustaining a special exception to the first amended original petition of appellant and dismissing the case. The appellant was plaintiff below, and the exception of the defendants was to the effect that plaintiff's cause of action was barred by the statute of limitation of two years (Rev. St. 1925, art. 5526) at the time his first amended original petition was filed, February 6, 1931.

This case was before us on a former appeal and was reversed and remanded on other grounds than limitation, that issue not being raised on the former appeal. See Granata v. Mothner (Tex. Civ. App.) 44 S.W. (2d) 817.

As more fully appears from the facts stated in the opinion on the former appeal, appellant's cause of action is for brokerage commission claimed to be due appellant for procuring a purchaser for certain real estate listed with him by appellees for sale under an exclusive agency. The cause of action arose March 15, 1928. The exception which was sustained by the trial court is as follows:

"They except specially to all of that portion of the petition alleging as a cause of action and a ground of recovery that plaintiff was the exclusive agent of defendants to sell said land and defendants gave to him an exclusive contract of agency with right to a commission regardless of whether plaintiff found the purchaser or sold the land or not because said cause of action was not asserted in plaintiff's original petition and is asserted for the first time in plaintiff's first amended petition, and, as appears from the file mark on said last named petition, more than two years had elapsed from the date plaintiff's said cause of action accrued, if any he ever had, and the filing of said amended petition and said asserted cause of action based on an exclusive agency, affirmatively appears to have been barred by the two years statute of limitation and is now barred thereby."

Plaintiff's original petition does not ap-

pear in the transcript. On application of appellant we granted the writ of certiorari to have the original petition sent up, and in response to the writ the clerk of the county court sent up a copy of an instrument not signed by plaintiff or his counsel, to which the clerk attaches the following certificate:

"I, Fred G. Hill, clerk County Court of Jefferson County at Law, hereby certify that the above and foregoing is a true and correct copy of what purports to be a copy of the plaintiff's original petition in Cause No. 8535, styled L. H. Mothner v. J. J. Granata, et al., as same appears on file among the papers of said cause in my office."

The file mark on that instrument is dated March 27, 1931. There is nothing in the transcript to show when the original petition was filed, nor what its contents were, other than the above-mentioned purported copy.

■■ The judgment of the trial court sustaining the exception and dismissing the case must be affirmed. Appellant contends that the trial court could look only to the first amended original petition in passing upon the exception, and that since it does not affirmatively appear in said petition that the cause of action was barred at the time the cause of action was originally sued upon, the judgment of the trial court should be reversed. This contention is without merit. Regardless of the rule announced in earlier cases, such as Oswald v. Giles (Tex. Civ. App.) 178 S. W. 677, 679, it is now the rule that, in passing upon an issue of limitation raised by exception to the pleadings, it is the duty of the trial court to look to the file marks and contents of superseded pleadings. Rule 14 for district and county courts; Askey v. Power (Tex. Com. App.) 36 S.W.(2d) 446; Braddock v. Brockman (Tex. Civ. App.) 49 S.W.(2d) 908. In the absence of a contrary showing, the presumption is that the trial court did look to the superseded pleadings and correctly determined therefrom that plaintiff's cause of action was barred. The first amended original petition, upon which the case was tried, and the only pleading of the plaintiff which is before us, was filed nearly three years after the cause of action arose. We have examined the record carefully and there is nothing in it from which we can determine that the trial court did not correctly dispose of the issue of limitation. The judgment of the trial court is affirmed.