## AMERICAN RIO GRANDE LAND & IRRIGATION CO. v. KING.

### No. 10087.

Court of Civil Appeals of Texas.
San Antonio.

June 23, 1937.

Rehearing Denied Aug. 18, 1937.

Strickland, Ewers & Wilkens, R. D. Cox, Jr., and Orville I. Cox, all of Mission, for appellant.

L. H. Henry and Jas. H. Anderson, both of Mercedes, for appellee.

SMITH, Chief Justice.

George A. King recovered judgment against American Rio Grande Land & Irrigation Company as for a broker's commission for procuring a buyer of one of the corporation's farm tracts, in Hidalgo county. The corporation has appealed.

Appellee, as plaintiff below, based his claim upon an alleged written contract, alleging in his trial petition as follows:

"That, being desirous of selling said land, defendant, on or prior to the date and year

aforesaid, placed and listed same with plaintiff in writing for sale at the price of one hundred and sixty-five ($165.00) dollars per acre, and upon the following terms and conditions, to wit:

"For a total consideration of six thousand and six hundred ($6,600.00) dollars, payable in six (6) installments, due two (2), three (3), four (4), five (5), six (6), and seven (7) years after said date, the first five installments in the principal sum of six hundred and sixty ($660.00) dollars each, and the last installment in the sum of three thousand three hundred ($3,300.00) dollars. Said installments to bear interest from date at the rate of six (6%) per cent. per annum, interest payable semiannually. Said notes to be secured by vendor's lien and deed of trust lien on the above-described property.

"Whereby it is agreed and understood by and between plaintiff and defendant, that plaintiff should obtain a purchaser for the defendant and bring about and cause a sale for the defendant of the above-described land and premises for the sum of six thousand six hundred ($6,600.00) dollars, or for such less amount or modified terms that the defendant would accept, in consideration of the agreed sum of ten (10%) per cent. commission to be paid to the plaintiff on the full amount of the selling price of the said land and premises, to be paid over to plaintiff by the defendant at the time of making said sale, which the defendant agreed, promised and obligated itself to pay to plaintiff."

Appellee alleged performance as follows:

"That pursuant of said agreement so made, the plaintiff did, on or about March 13, 1933, bring the parties together and procure for the said defendant a purchaser for said land and premises in the person of W. J. Douglass of this, Hidalgo county, Tex., who agreed to purchase same for the said sum of six thousand and six hundred ($6,600.00) dollars, who was ready, able and willing to comply with said purchase and that said sale with the said W. J. Douglass was thereafter made and consummated on or about the 13th day of May, 1933, by a binding written contract of sale, duly executed and accepted by the defendant, and also executed and accepted by said W. J. Douglass, and thereupon said W. J. Douglass took possession of said premises."

"That plaintiff was the efficient and procuring cause of the sale that was made; that he found the purchaser and placed him in communication with the defendant and pursuant thereto said parties negotiated and consummated said trade as aforesaid."

The evidence was sufficient to support a jury finding, had the issue been submitted to a jury, that appellee and one of appellant's agents made an oral agreement along the line alleged. They did not execute any written agreement, however, the only writing entering into the negotiations being a printed listing issued by appellant for the information of brokers, and given to appellee at the time of the agreement, as follows:

"Price List
American Rio Grande Land &
Irrigation Company
March 1, 1933 ·
* * *
North Capisallo District

| Farm Tract | Acreage | Price Per Acre |
|---|---|---|
| | * * * | |
| 2121............ | 40.00 | 165.00 |
| | * * * | |

"The above tracts are offered at the prices quoted subject to prior sale, and the prices quoted herein are subject to change without previous notice."

Appellant presents numerous questions of law in the case, but that of limitation is deemed controlling, rendering it unnecessary to discuss others.

As stated, the contract sued on was oral. The memoranda embraced in the written listing cannot be construed into a written contract within the contemplation of the four-year statute of limitation upon which appellee relies, as follows:

"Art. 5527. *What actions barred in four years.—*

"There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

"1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing."

The record shows that the oral agreement forming the basis of appellee's suit was made on March 3, 1933, the alleged contract of sale, on which appellee claims a commission, was entered into on May 13, 1933, and the suit was instituted on January 1, 1936, more than two years after the date of the brokerage agreement, and alleged performance thereunder. The action being "for debt where the indebted-

ness is not evidenced by a contract in writing," was therefore barred by the two-year statute, as follows:

"Art. 5526. *Actions to be commenced in two years.—*

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: * * *

"4. Actions for debt where the indebtedness is not evidenced by a contract in writing."

 If appellee was entitled to recover, it was only upon the theory that he procured a purchaser, whom appellant accepted as satisfactory and thereupon entered into a contract of sale with him, thus relieving appellee of further efforts. If that procurement satisfied appellee's obligation to appellant, and entitled him to a commission, then his right of action was ripe, and limitation began to run upon the execution of said contract between buyer and seller, and was not thereafter interrupted. He did not commence his suit within two years from the execution of said contract, and his cause was therefore barred under the two-year statute.

The judgment will be reversed, and the facts establishing limitation being fully developed and undisputed, judgment will be here rendered that appellee take nothing by reason of his suit, and pay all costs of the litigation.

Reversed and rendered.

On Motion for Rehearing.

 Appellee complains that he did not in his pleadings ground his cause of action upon a written contract, but upon a parol agreement, based upon a written listing of the land with him. Appellee's pleadings perhaps support either position, but the point is immaterial, and need not be definitely decided. The contract sued on was one in parol, and a claim for damages for its breach was barred in two years, as held in the original opinion.

 Appellee contends that a second parol agreement was made between him and appellant, whereby he was to be paid his commission upon the happening of a subsequent contingency, and that limitation did not begin to run until that contingency occurred, and appellee learned of it. Appellee's pleadings do not support the contention. Appellee pleaded that when appellant made the original contract for the sale of

the land, appellee's right to his commission was thereby completed, and his claim became at once due, but that by a subsequent agreement appellee granted appellant further time, to be marked by the purchaser's compliance with a supplemental agreement with appellant, in which to pay said commission, which appellant alleged had already been fully earned by him. This parol agreement did not affect limitation.

Appellee's motion for rehearing is overruled.