**CRAWFORD v. DAVIS et al.**

No. 2098.

Court of Civil Appeals of Texas. Eastland.

Feb. 7, 1941.

Rehearing Denied Feb. 28, 1941.

906

Blanton & Blanton, of Albany, for appellant.

B. C. Chapman, of Haskell, E. V. Hardwick, of Stamford, and Ratliff & Ratliff, of Haskell, for appellees.

FUNDERBURK, Justice.

J. M. Crawford, as plaintiff, alleged that he was the owner of a note for the principal sum of $2,000 due by J. C. Buie, on January 1, 1930. This note had been in the hands of R. C. Couch who collected and credited certain payments thereon. In December, 1934, Crawford and Couch placed the note with Tom Davis, an attorney, with instructions to file suit upon the same before it became barred by limitation. In order to facilitate handling, at the attorney's suggestion, Crawford indorsed the note, without recourse, to said R. C. Couch. Davis, the attorney, filed suit in the District Court of Haskell County to recover the balance due on the note and to foreclose a lien securing the same, on December 29, 1933. The defendant in that suit (J. C. Buie) resided in Johnson County. Citation was not issued until August 7, 1934, and not served until September 10, 1934. In a trial of the case on November 8, 1937, judgment was rendered for the plaintiff R. C. Couch for $2,837.46 with foreclosure of the lien. Upon appeal the judgment of the trial court was, on March 9, 1939, reversed and a "take nothing judgment" rendered against the plaintiff, Couch, on the ground that, as a matter of law, the cause of action was barred by limitation. The bar of limitation was held to have resulted because of negligence as a matter of law in failing to have the defendant duly cited to answer.

This suit by said J. M. Crawford against said Tom Davis and R. C. Couch seeking recovery of damages by reason of the facts alleged as above stated was filed on August 22, 1939. The defendants, in addition to other defenses, each demurred generally to plaintiff's petition, and excepted specially on the ground that it affirmatively disclosed that the alleged cause of action was barred by the two-year statute of limitation, R.S. 1925, Art. 5526.

The court sustained the general demurrers and said special exceptions. Whereupon the plaintiff declining to amend, the suit was dismissed. From the judgment of dismissal the plaintiff has appealed.

The parties will be referred to as plaintiff and defendants, the same as in the trial court, or by name.

The judgment indicates that the court acted upon the general demurrers and

special exceptions raising the issues of limitation all at the same time. The ordinary procedure, of course, would be for the court to act upon the general demurrer, and, unless it was overruled, questions arising upon special exceptions would not be reached. Plaintiff's pleading, we think, considered apart from the special exceptions was not subject to general demurrer. The effect, however, of sustaining the special exceptions would be the same as sustaining the general demurrer. In fact, after sustaining the special exceptions the pleading was subject to general demurrer. Stringer v. Robertson, Tex.Civ.App., 140 S.W. 502. The action of the court, as reflected by the record, is supported by all reasonable presumptions and is, therefore, we think, properly to be sustained upon the view that the court only sustained a general demurrer as a consequence of sustaining the special exceptions.

According to the allegations of his petition, defendant's alleged negligence, constituting the basis of the action, occurred not later than September 10, 1934—the date of the service of citation upon Buie. Suit was filed on August 22, 1939. Allegations in the petition refer to the date of March 9, 1939. Such allegations could not have been made except in a suit filed after that date. The question for decision is whether plaintiff's petition showed affirmatively that the cause of action was barred by limitation.

■ The wrong, charged to the defendants, was one giving rise to a cause of action from the time of its commission. "The general rule is that a right of action accrues whenever facts come into existence which give rise to a cause of action." 1 Tex.Jur. 632; Western Wool Commission Co. v. Hart, Tex.Sup., 20 S.W. 131; Steele v. Glenn, Tex.Civ.App., 57 S.W.2d 908. A cause of action based upon a consummated legal wrong accrues immediately regardless of whether or not the injured party has knowledge of the wrong. Houston Water-Works v. Kennedy, 70 Tex. 233, 8 S.W. 36; Steele v. Glenn, supra.

■ The cause of action was barred after two years from September 10, 1934; that is, on or about September 10, 1936, unless the averments of plaintiff's petition, taken as true, showed that the running of limitation was tolled from said time up to within two years prior to August 22, 1939. Plaintiff's petition alleged no facts to show a tolling of limitation. To toll the running of limitation the parties, being sui juris, it was necessary to show fraudulent concealment, or, at any rate, some matter of equitable estoppel against the defendants from asserting the bar of limitation. Steele v. Glenn, supra. The petition contains no allegations of such nature.

■ The only pleading of the plaintiff which could be contended as averring any facts designed to show that the running of limitation was tolled was his first amended supplemental petition. This pleading was, of course, incompetent to aid his first amended original petition as to defects rendering it subject to exceptions. "It may be stated as an invariable rule" says Judge Townes, "that defects in a pleading of any class should be cured by an amended pleading of that class, and not by a pleading of some subsequent class." Townes on Texas Pleading, 2d Ed., p. 447. In other words, applying the rule specifically, if plaintiff's first amended original petition was subject to the exceptions made, that is, that it affirmatively shows that the cause of action is barred by limitation, such defect could not be cured by allegations in plaintiff's first supplemental petition—a pleading of a subsequent class. Such defect could only be cured by a pleading of the same class as the defective pleading, which would have been a second amended original petition.

■ However, were the rule otherwise and we be permitted to look to the averments in plaintiff's first supplemental petition in aid of his first amended original petition, there would still appear to be no facts alleged which, taken as true, would show that the running of limitation had been tolled. In said supplemental pleading it is alleged in substance and effect that in the case of Buie v. Couch, Tex.Civ.App., 126 S.W.2d 565, "the jury found and said District Court then held that said Tom Davis had not been guilty of negligence in having said citation issued and served upon the defendant Buie"; that the court overruled Buie's motion for new trial predicated upon said question of negligence "and plaintiff relied upon said judgment and the finding of said jury and the ruling of said District Court, *and had no notice that it would be held* that said Tom Davis was guilty of negligence *as a matter of law* and that said judgment would be set aside, until March 9, 1939, on which date the aforesaid Court of Civil Appeals held that said Tom Davis *was guilty of negligence as a matter of law*." (Italics ours.) It was further al-

leged that "it was not until March 9, 1939, that plaintiff discovered the said Tom Davis had been guilty of negligence *as a matter of law* * * * and by the exercise of ordinary diligence plaintiff could not have discovered such facts prior to March 9, 1939, when said decision was handed down by said Court of Civil Appeals." Plainly the effect of said allegations is that plaintiff did not know of the alleged negligence of the attorney because he did not know the law. In the absence of fraud, plaintiff was chargeable with knowledge of the law, the same as the attorney. No fraud was alleged. There is no allegation to the effect that plaintiff's want of knowledge that his attorney had been guilty of negligence occurring prior to September 10, 1934, was in any manner contributed to by any concealment by the attorney or any wrong conduct, other than the negligence itself. There is wholly absent any allegation that plaintiff had no knowledge of the acts claimed to constitute negligence, or that the attorney made any representations, false or otherwise, concerning such acts. There would seem to be no escape from the conclusion that no facts were alleged sufficient to show an estoppel of the defendants from urging the bar of limitations.

We are unable to see that the question is in any way affected by the fact that plaintiff and defendant Tom Davis sustained to each other the confidential relationship of attorney and client. Corpus Juris says: "Where an attorney-at-law is guilty of negligence or breach of duty in performing services for his client, the client's cause of action accrues and the statute [of limitations] begins to run at the time when the negligence or breach of duty occurs, not at the time when it is discovered, or actual damage results or is fully ascertained." 37 C.J. p. 830, sec. 179. See also Fox v. Jones, 4 Willson Civ.Cas.Ct. App. § 29, 14 S.W. 1007; Kruegel v. Porter, Tex.Civ.App., 136 S.W. 801, affirmed, 106 Tex. 29, 155 S.W. 174; Thompson v. Barnard et al., Tex.Civ.App., 142 S.W.2d 238.

The argument that plaintiff's petition did not affirmatively show that the cause of action was barred by limitation does not seem to be supported by the record. The petition does show affirmatively that the alleged negligence occurred prior to September 10, 1934. The date of the decision by the Court of Civil Appeals in Buie v. Couch, Tex.Civ.App., 126 S.W.2d 565, is alleged to have been March 9, 1939. As shown in the foregoing statement, some of the allegations could not have been made, unless the suit was filed after that time. Hence, independently of the question of whether the file marks upon the pleading may be looked to as showing the time the suit was filed, we think the pleading affirmatively disclosed that the action was barred.

Besides, we have held that on a question of this kind we may look to the file marks upon the pleadings and the contents thereof, including superseded pleadings. Braddock v. Brockman, Tex.Civ. App., 49 S.W.2d 908. See also Askey v. Power, Tex.Com.App., 36 S.W.2d 446; Mothner v. Granata, Tex.Civ.App., 69 S. W.2d 775; Nassar v. Nelson, Tex.Civ.App., 112 S.W.2d 757, writ refused.

It is deemed not inappropriate to point out for the benefit of the casual reader, and in justice to the attorney involved, that in determining a question of law raised by an exception to a pleading the court is required to treat the allegations in the pleading as true. The decision of a question so raised carries no implication whatever that the allegations are true in fact.

It is our conclusion that the judgment of the court below should be affirmed, which is accordingly so ordered.